Argued December 5, decided December 16, 1913, rehearing denied
January 6, 1914.

## HARTLEY *v.* DYE.

(136 Pac. 1185.)

**Escrows—Construction of Agreement.**

Where an escrow agreement provided that if defendant were satis-
fied with a homestead claim the check deposited should be delivered
to plaintiff, and that the only evidence of defendant's satisfaction
with the claim should be the exhibit of the United States receiver's
certificate, or a statement signed by both parties, and that the taking
of the homestead by defendant should be conclusive evidence of his
satisfaction, but that if defendant should be dissatisfied, or could not
make a homestead filing, the money was to be returned to him, and
in any event in 22 days, and after examination, defendant filed on the
claim as a desert claim, and no evidence was presented to the deposi-
tory, the return of the money to the defendant after more than 22
days did not render it liable to the plaintiff for the amount thereof.

[As to law of escrows, see note in 130 Am. St. Rep. 910.]

From Multnomah: HENRY E. McGINN, Judge.

Department 1.   Statement by MR. JUSTICE BURNETT.

This is an action by W. B. Hartley against E. C. Dye
and the Lumbermen's National Bank.

The plaintiff and the defendant Dye were engaged
in some negotiations about the acquisition of a right
to homestead some land in Klickitat County, Wash-
ington.   They made the following writing:

"Escrow.

"Portland, Oregon.

"To the Lumbermen's National Bank:

"This check for three hundred dollars ($300), being
number four hundred and sixteen (No. 416), is left
in escrow by E. C. Dye and W. B. Hartley for the fol-
lowing purpose: E. C. Dye is to have ten (10) days to
go and examine a homestead situated in Klickitat
County, Washington, near Roosevelt, described as fol-
lows: (N. E. ¼) Sec. 8, Tp. 3 North, Range 20 E. of
W. M., embraced in homestead application No. 03973

made at the U. S. land office at Walla Walla, receiver's receipt No. 274262, dated September 20, 1909. Said land was filed on by Hugh Alexander Peoples. And if after examination he finds the same as represented and is satisfied to locate upon the same as a homestead, and said W. B. Hartley furnishes to him a relinquishment of said homestead acceptable and accepted by the United States land office, and assists and enables said E. C. Dye to locate and file on the same in his own right the said money is to become due and payable to said W. B. Hartley. The only evidence of complete satisfaction on the part of E. C. Dye is his showing to the aforesaid bank the U. S. receiver's certificate or a signed statement of both parties to that effect. If, however, said E. C. Dye is dissatisfied with the same after examination, or is unable for any reason to make a homestead filing on said premises, then the money is to be returned to him and at any event in 22 days. If for any reason the ground is covered with snow or the weather is so inclement that examination cannot be made, the time for the examination of the homestead hereinbefore described is to be extended until such examination can be made and homestead filings made, full time not to be later than twenty-two days from date hereof. The taking of the homestead by E. C. Dye shall be conclusive evidence of his satisfaction with the same, and his failure to file on the same for any reason within the time specified herein will be evidence of his dissatisfaction, and the money will revert to him upon demand.

"Dated this fourteenth day of February, A. D. 1910.
"[Signed]    E. C. DYE,
"W. B. HARTLEY."

This instrument and the check for $300 mentioned therein were deposited by Dye and Hartley with the defendant bank, which by an additional agreement cashed the check and held the money on deposit. After stating the transaction substantially as above,

the complaint alleges that the plaintiff duly performed all the conditions on his part; that Dye located, filed upon, and took the land, and thereafter, without the consent of the plaintiff, the bank paid the money to Dye, who received it to the plaintiff's damage in the sum of $300. Alleging a demand for the money prior to the commencement of the action, and the refusal of the defendants to pay it, the plaintiff demands judgment against both of them for the $300.

A demurrer interposed by the bank against the complaint having been overruled, the allegations of the complaint are traversed by the answer of the bank, except as otherwise stated. For new matter the bank states, in substance, that the defendant Dye demanded of it the $300 in question, stating that he was entirely dissatisfied with the land after having examined it, and had not made any homestead entry upon the same; that, notwithstanding his statements, the bank did not pay Dye the money until after the expiration of the full period of 22 days mentioned in the writing; and that after the termination of that period, relying upon the statements and representations of Dye, made as stated, it had paid the money to Dye. Other defenses were interposed which it is not deemed necessary to consider.

The reply denies only that the bank relied upon the statements and representations of the defendant Dye, and, as to the defense mentioned, merely contends that the check was deposited for the benefit of both Dye and the plaintiff, and not for the benefit of the former alone.

Before taking any testimony in the case, the bank moved for judgment in its favor on the pleadings, on the grounds, among other reasons, that the agreement provides that the bank shall pay the money to Dye in any event after the expiration of 22 days, and that the

payment was not made to him until after the expiration of that time. This motion was overruled. The court before whom the case was heard without a jury made findings of fact reciting the deposit of the check, and the agreement, and the cashing of the check by the bank, all as set out in the complaint; that the defendants have not paid the money, and, in addition thereto, made the following findings of fact:

"That the defendant E. C. Dye was allowed 10 days as mentioned in said escrow agreement, and went and examined the said homestead, and the said W. B. Hartley furnished to said E. C. Dye a relinquishment to said homestead acceptable and accepted by the United States land office. That said E. C. Dye accepted said relinquishment and filed the same in said United States land office, and thereupon filed on said homestead as desert land in his own right, and took the same; and that said E. C. Dye was satisfied with said land, and thereafter, without the consent, and against the will of the plaintiff, the defendant Lumbermen's National Bank paid over said money to the defendant E. C. Dye, and the said E. C. Dye received the same, to plaintiff's damage in the sum of $300."

As a conclusion of law the court found that the plaintiff is entitled to judgment against the defendants and each of them for $300, and for costs and disbursements. From the judgment entered upon these findings, the defendant bank has appealed.

REVERSED: REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Hugh Montgomery, Messrs. Platt & Platt* and *Mr. J. O. Bailey,* with an oral argument by *Mr. Montgomery.*

For defendant there was a brief, with oral arguments by *Mr. C. H. Dye* and *Mr. T. M. Dye.*

For respondent there was a brief over the names of *Mr. William A. Williams* and *Messrs. Moser & McCue,* with an oral argument by *Mr. Williams.*

MR. JUSTICE BURNETT delivered the opinion of the court.

As it affects the defendant bank, the plain terms of the document in question require that, in any event, after the expiration of 22 days, the money was to be repaid to the defendant Dye. It also provides that, if he is dissatisfied with the land, the money should be returned to him, and stipulates further that the only evidence of his satisfaction will be the exhibition by him to the bank of the United States receiver's certificate, or a signed statement by both parties to that effect; and, still further, it is said that "the taking of the homestead by E. C. Dye shall be conclusive evidence of his satisfaction with the same, and his failure to file on the same for any reason within the time specified hereinbefore will be evidence of his dissatisfaction, and the money will revert to him upon demand."

Although it crops out that he filed on the realty as a desert claim, it is not contended that he took the land as a homestead so as to make conclusive evidence of his satisfaction with it. It appears from the findings that he failed to file on it as a homestead, and the terms of the contract make that evidence of his dissatisfaction, entailing the result that the money should revert to him upon demand. If the plaintiff would recover from the bank, which is a mere depository without interest in the subject matter, he should have caused to be exhibited to the bank, within the period of 22 days, evidence required by the contract of the satisfaction on the part of Dye to take the land as a homestead. The contract so far as it is binding upon the bank,

having expired by the limitation prescribed by its own terms, it was incumbent upon the bank to return the money to Dye. Plaintiff has not disclosed, and the court has not found, a situation rendering the bank responsible to the plaintiff. The findings themselves do not justify the verdict.

The judgment of the Circuit Court is reversed, with directions to enter an order dismissing the action as to the defendant bank.

Reversed With Directions: Rehearing Denied.

Mr. Chief Justice McBride, Mr. Justice Moore and Mr. Justice Ramsey concur.